UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN NGECU MAINA, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:24-CV-441-CEA-DCP ) |
| NATIONAL ALLOYS and LABOR SMART, | ) ) |
| Defendants. | ) ) |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Application to Proceed In Forma Pauperis With Supporting Documentation [Doc. 2]. Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

1

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court has reviewed the Complaint in this case, but it does not comply with Rule 8 [Doc. 1]. Plaintiff names his employers, National Alloys and Labor Smart, as Defendants [*Id*. at 2, 4]. He claims that between February 16, 2024, and February 22, 2024, he experienced discrimination [*Id*.]. Specifically, Defendant National Alloys accused him and two other employes of stealing a laptop cord [*Id*.]. Plaintiff called Labor Smart to file a report of discrimination, and Labor Smart responded that it would discuss the matter with National Alloys [*Id*.]. The next day, on February 22, 2024, Plaintiff was informed that National Alloys believed that it had done nothing wrong and that he was being terminated from his employment [*Id*.]. The remaining allegations are not included, and it appears that they were inadvertently omitted [*Id*.]. Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964, stating that it protects employees from discrimination [*Id*. at 3]. He seeks lost wages and punitive damages [*Id*. at 4].

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to state a claim under this statute, the plaintiff must allege sufficient facts to support an inference that the defendant discriminated against him because of race. *Flynn v. Memphis Pathology Lab'y (AEL)*, No. 2:19-2882-CV, 2020 WL 5801087, at *4 (W.D. Tenn. Sept. 29, 2020) ("It is axiomatic that, to state a claim of race discrimination under Title VII, the plaintiff must plead facts which allow the court to infer that the employer's wrongful [conduct] related to the plaintiff's race." (citations omitted)). At the pleading stage, a plaintiff is not required to plead a prima facie case of discrimination. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002); *see also Shaw v. Prologistix*, No. 2:24-CV-2219, 2024 WL 2378944, at *2 (W.D. Tenn. May 23, 2024) (noting that the plaintiff does not have to plead a prima facie case when screening the complaint (citing cases)). "All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard." *Hood v. City of Memphis Pub. Works Div.*, No. 17-2869, 2018 WL 2387102, at *3 (W.D. Tenn. Jan. 8, 2018) (citation omitted), *report and recommendation adopted*, No. 17-CV-2869, 2018 WL 648377 (W.D. Tenn. Jan. 31, 2018).

Here, Plaintiff has not pleaded sufficient facts to support an inference that Defendants discriminated against him based on his race. Indeed, it appears that Plaintiff's allegations have been inadvertently omitted from his Complaint [*See* Doc. 1 p. 4]. The Court therefore finds that Plaintiff's Complaint does not meet the requirements outlined above.

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

a) the names and titles of all [defendants if known];

b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) . . . the location where each relevant event occurred;

e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631, 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **November 22, 2024.** Plaintiff is **ON NOTICE** that the failure to timely file an amended complaint or to state a claim in the amended complaint may result in the dismissal of some or all his claims.

The Court **HOLDS IN ABEYANCE** Plaintiff's Application to Proceed In Forma Pauperis With Supporting Documentation [**Doc. 2**] pending the filing of an amended complaint should he chose to file one.

ENTER:

Debra C. Poplin
United State Magistrate Judge